IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**GORDON L. PEIRCE,**

    Plaintiff,

    v.

**ASSURITY FINANCIAL SERVICES, LLC, et al.**,

    Defendants.

No. 3:10-cv-01269-MO

OPINION AND ORDER

**MOSMAN, J.**,

Gordon Peirce sued Assurity Financial Services, LLC ("Assurity"), GMAC Mortgage Corporation ("GMAC"), and Mortgage Electronic Registration Systems, Inc. ("MERS"), seeking an accounting, a declaration that GMAC lacks authority to pursue a non-judicial foreclosure, and an order quieting title in plaintiff's favor against GMAC. GMAC and MERS moved for summary judgment [24] after the close of discovery. I now grant that motion.

1 – OPINION AND ORDER

## DISCUSSION

Mr. Peirce received a loan from Assurity, secured by a deed of trust ("DOT") on a piece of property, and executed a promissory note ("Note") in favor of Assurity.[1] The DOT identified Assurity as "Lender" and MERS as "nominee for Lender . . . and Lender's successors and assigns." MERS later assigned the beneficiary interest under the DOT to GMAC, and that assignment was properly recorded. Executive Trustee Services was appointed trustee under the DOT and, after plaintiff had defaulted on the loan, initiated non-judicial foreclosure. GMAC also obtained and holds the Note.

Plaintiff claims that a non-judicial foreclosure cannot proceed on these facts because GMAC might lack the authority to foreclose. Plaintiff's theory is that Assurity might have assigned or transferred the Note at some point without recording the transfer. If that happened, plaintiff continues, MERS might have lost the authority to act as nominee, and therefore the assignment to GMAC of the beneficiary interest under the DOT might be invalid. Plaintiff claims that he is entitled to documentation confirming these events did not happen.

Plaintiff puts forth no evidence that an unknown transfer of the Note occurred and fails to explain why it would impact GMAC's authority in any event. "[T]he Oregon Trust Deed Act, O.R.S. § 86.705 *et seq.*, does not require presentment of the promissory Note or any other proof of 'real party in interest' or 'standing,' other than the Deed of Trust." *Beyer v. Bank of Am.*, 10-cv-523-MO, 2011 WL 3359938, at *1 (D. Or. Aug. 2, 2011) (quotation omitted). Nor does it preclude a note and deed of trust from being separated. *Id*. Accordingly, documentation of all transfers or assignments of the Note is not necessary for GMAC to establish its authority to pursue

---

[1] The facts summarized here are undisputed.

2 – OPINION AND ORDER

a foreclosure as beneficiary under the DOT.[2] Plaintiff therefore fails to state a claim for relief on the undisputed facts.

## CONCLUSION

I GRANT the motion for summary judgment filed by GMAC and MERS [24], and dismiss the claims against those defendants with prejudice. Additionally, plaintiff's complaint seeks no independent relief from Assurity and states no independent claim against it. Accordingly, I dismiss Assurity from this lawsuit *sua sponte*.

IT IS SO ORDERED.

DATED this   15th   day of December, 2011.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Court

---

[2] To the extent that plaintiff argues MERS cannot serve as a beneficiary under Oregon law, that claim fails as well. *See Beyer*, 2011 WL 3359938, at *5.

3 – OPINION AND ORDER